IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01679-MSK-MEH

JAMES R. DUNCAN,

        Plaintiff,

v.

FITZGERALD,
YOUNG (formerly known as BECKER),
McPHERSON[1], and
ARFSTEN,

        Defendants.

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court pursuant to Plaintiff James R. Duncan's Objections **(# 48)** to the April 7, 2008 Order **(# 45)** of United States Magistrate Judge Michael E. Hegarty granting the Defendants' motion to take Mr. Duncan's deposition; Mr. Duncan's "Request Court to Continue With Review Defendants' Files" **(# 56)**; the Defendants' Motion for

---

[1] The docket reflects that CDOC declined to waive service **(# 19)** on behalf of Ms. McPherson on the grounds that she no longer worked for CDOC. At a Scheduling Conference on December 17, 2007, the Magistrate Judge requested **(# 34)** that Mr. Duncan advise of the status of his attempt to serve Ms. McPherson. On January 28, 2008, Mr. Duncan filed a statement **(# 37)** that Ms. McPherson was served with copies of his administrative grievance in 2005, and that he believes she quit her job with CDOC "to keep from being prosecuted for her crimes." He gave no indication that Ms. McPherson had been served with notice of this action, nor did he request additional time to attempt to serve her under Fed. R. Civ. P. 4(m). Finding that more than 120 days have passed since commencement of this action and that Mr. Duncan has neither served nor is likely to serve Ms. McPherson, the claims against Ms. McPherson are dismissed without prejudice under Rule 4(m).

1

Summary Judgment **(# 61)**, Mr. Duncan's response **(# 72, 81, 87)**, the Defendants' reply **(# 84)**, and Mr. Duncan's sur-reply **(# 90)**; Mr. Duncan's Motion for Default Judgment **(# 85)**, which the Court treats as a supplement to Mr. Duncan's response to the summary judgment motion; the Defendants' Motion to Strike **(# 92)** Mr. Duncan's sur-reply to the summary judgment motion; Mr. Duncan's Motion for Summary Judgment **(# 93)**; the Defendants' Motion to Strike **(# 98)** Mr. Duncan's summary judgment motion; and Mr. Duncan's "Motion Against" **(# 101)** the Defendants' Motion to Strike, which the Court construes as a response to that motion.

## FACTS

According to the *pro se* Complaint **(# 7)**, Mr. Duncan is an inmate of the Colorado Department of Corrections ("CDOC"), and during the events at issue here, was housed at the Sterling Correctional Facility. He alleges that each of the Defendants, all of whom are Corrections Officers at the Sterling Facility, physically and/or sexually assaulted him on numerous occasions over the span of several years. In addition, Mr. Duncan that the Defendants conspired together to bring about these assaults. Although the Complaint does not specifically identify a legal basis for the claims asserted, the Court assumes that Mr. Duncan's claims are asserted pursuant to 42 U.S.C. § 1983, in that each Defendant violated his rights under the 8th Amendment to the U.S. Constitution. *See generally Tafoya v. Salazar,* 516 F.3d 912, 916 (10th Cir. 2008) ("There is no question that sexual assault of [an inmate by corrections officers] meets this objective component of an Eighth Amendment claim"). One may reasonably assume that Mr. Duncan's claim sounding in conspiracy arises under 42 U.S.C. § 1985.

As set forth above, there are a number of matters pending, most of which, for the reasons set forth herein, will be denied as moot. For purposes of this Order, it is sufficient to note the

Defendants' Motion for Summary Judgment **(# 61)**, which argues that: (i) all of Mr. Duncan's claims are barred by the statute of limitations; (ii) Mr. Duncan's claim against Ms. Becker, arising from a single alleged assault on April 17, 2001, is barred by the doctrine of *res judicata* as a prior civil suit by Mr. Duncan relating to this alleged incident was resolved in Ms. Becker's favor; (iii) Mr. Duncan cannot demonstrate facts showing the existence of a conspiracy; and (iv) some of Mr. Duncan's claims are barred by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a), on the grounds that he failed to exhaust his available administrative remedies.

## ANALYSIS

### A. Standard of review

Mr. Duncan pursues this matter *pro se*. Accordingly, the Court liberally construes his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). In other words, if the Court if can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. *Hall*, 935 F.2d at 1110. However, the requirement that the Court read the Plaintiff's pleadings broadly does not relieve the Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. *Id.* In this substantive respect, he is held to the same standards as any attorney practicing before the Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

With regard to the Defendants' Motion for Summary Judgment, Fed. R. Civ. P. 56 facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*,

3

45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

Where, as here, the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

**B. Timeliness of Mr. Duncan's claims**

The Defendants argue that all of Mr. Duncan's claims are untimely. The Defendants have attached excerpts from Mr. Duncan's deposition in which he testifies that: (i) Ms. Becker assaulted him on a single occasion on April 17, 2001; (ii) Ms. Fitzgerald assaulted him on five

4

occasions, "all . . . in the same year," later identified to be 2004; and (iii) Mr. Arfsten assaulted him on five occasions during February 2005. The Court has reviewed all of Mr. Duncan's various submissions in response to the Defendants' summary judgment motion, and finds no assertion that the dates recited above are inaccurate or that any Defendant engaged in additional assaults beyond those noted.

In Colorado, claims for constitutional deprivations under § 1983 are subject to a two-year statute of limitations. *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006). In other words, Mr. Duncan must have brought his claims within two years of the date they accrued. A §1983 claim accrues at the moment that a plaintiff has "a complete and present cause of action." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). In this case, Mr. Duncan's claims accrued when he had conclusive knowledge of an injury and its cause – effectively, the date each assault occurred. *See P.R. v. Zavaras*, 49 Fed.Appx. 836, 839 (10th Cir. 2002) (unpublished). Assuming this action was commenced on July 31, 2007, when Mr. Duncan moved for leave to proceed *in forma pauperis*, the statute of limitations would bar claims for any acts that occurred prior to July 31, 2005. As recited above, the last assault alleged by Mr. Duncan occurred in February 2005. Thus, his claims based on all of the alleged assaults are barred by the statute of limitations. Mr. Duncan neither argues for nor asserts any facts warranting a tolling of the statute of limitations. Thus, the Defendants are entitled to summary judgment on all of Mr. Duncan's § 1983 claims.

Similarly, in Colorado, claims for conspiracy under § 1985 are subject to a two-year statute of limitations. *Vaughn v. Krehbiel*, 367 F.Supp.2d 1305, 1310 (D. Colo. 2005); *Merrigan v. Affiliated Bankshares of Colorado, Inc.*, 775 F.Supp. 1408, 1411-12 (D. Colo. 1991). The statute of limitations runs from the date of each act done in furtherance of the conspiracy.

*Merrigan, id.* at 1412. The last possible act in furtherance of a conspiracy to assault Mr. Duncan was the final assault allegedly committed by Mr. Arfsten in February 2005. For the same reasons above, Mr. Duncan's § 1985 conspiracy claim is untimely, and the Defendants are entitled to summary judgment on that claim as well.

Because the Defendants are entitled to summary judgment on all of Mr. Duncan's claims as untimely, the Court need not reach the remaining arguments in the Defendants' summary judgment motion, nor the remaining pending motions. It is sufficient for the Court to note that none of the pending motions raise issues that would affect the analysis herein.

## CONCLUSION

For the foregoing reasons, Mr. Duncan's Objections **(# 48)** are **OVERRULED AS MOOT**. Mr. Duncan's "Request Court to Continue With Review Defendants' Files" **(# 56)** is **DENIED AS MOOT**. The Defendants' Motion for Summary Judgment **(# 61)** is **GRANTED**, and judgment in favor of all Defendants except Ms. McPherson shall enter contemporaneously with this Order. Mr. Duncan's claims against Ms. McPherson are **DISMISSED**, without prejudice, pursuant to Fed. R. Civ. P. 4(m). Mr. Duncan's Motion for Default Judgment **(# 85)** is **DENIED**, insofar as the Court had treated that filing as a supplement to Mr. Duncan's response to the Defendants' summary judgment motion. The Defendants' Motion to Strike **(# 92)** Mr. Duncan's sur-reply to their summary judgment motion is **DENIED AS MOOT**. Mr. Duncan's Motion for Summary Judgment **(# 93)** is **DENIED AS MOOT**. The Defendants' Motion to

Strike **(# 98)** Mr. Duncan's summary judgment motion is **DENIED AS MOOT**. Mr. Duncan's "Motion Against" **(# 101)** the Defendants' Motion to Strike is **DENIED**, insofar as the Court has construed it as Mr. Duncan's response to that motion.

Dated this 12th day of March, 2009

**BY THE COURT:**

Marcia S. Krieger
United States District Judge